**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROBERT JONES, through his guardian,
BARBARA GRIEGO KEPSEL,

      Plaintiff,

      vs.                                                  No. CIV 96-0531 JC/DJS

NEW YORK LIFE INSURANCE
COMPANY and THE TRAVELERS
INSURANCE COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendants' Motions for Summary Judgment (Doc. Nos. 9 & 15) and Plaintiff's after-the-fact Motion for Extension of Time to respond to Defendant Travelers Insurance Company's Motion for Summary Judgment (Doc. No. 25). The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities, and heard oral argument on March 26, 1998. The Court finds that Plaintiff's Motion for Extension of Time is well taken and will be granted. The Court further finds that Defendants' Motions for Summary Judgment are not well taken and will be denied.

**I.**    **Summary Judgment Standard**

Summary judgment is appropriate "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence

of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 321-323 (1986). Once the movant has made such a showing, the "adverse party may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

In reviewing a summary judgment motion, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party."  Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995).  "Summary judgment is only appropriate if there is not sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'"  Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-250 (citations omitted).

**II.    Background**

The facts of the case are as follows:  Plaintiff, Robert Jones, came to New Medico Rehabilitation Center of Texas ("New Medico") in August 1989 for the treatment and rehabilitation of injuries he sustained in an automobile accident.  At the time, Plaintiff was a minor suffering from significant cognitive, physical, and emotional problems from the accident.  Upon arrival at

New Medico, Plaintiff's parents, James F. Jones and Barbara Griego Kepsel, signed an Assignment of Benefits that provided:

> In consideration of services rendered or to be rendered to the above-named Client, the undersigned hereby authorizes payment directly to NMRC-Texas (the "Center") for services rendered by the Center, of any and all first-party medical insurance benefits as well as extended benefits to such medical coverage, to which the above-named Client may otherwise be entitled but not to exceed the Center's regular charges for such services.
>
> The undersigned hereby authorizes the Center to file such claims in the Client's behalf so that the Client may realize payment of its charges. The undersigned understands that if the Center does not receive payment from the insurer, the undersigned is personally responsible for the payment of the Center's charges.

Both of Plaintiff's parents had health insurance coverage in August 1989. Plaintiff's father was covered through his employer, Fuji True Color Photo, under an employee benefit plan provided by the New York Life Insurance Company. Plaintiff's mother was covered under a similar plan through her employer, Rosner & Estrada, C.P.A., provided by the Travelers Insurance Company. Both insurance policies covered the respective parents and their dependent son. Thus, Plaintiff was a beneficiary under both of the plans. Plaintiff's treatment ran through August 1, 1990, and totaled almost $300,000.

New Medico, pursuant to the Assignment of Benefits signed by Plaintiff's parents, submitted claims for Plaintiff's treatment to New York Life and Travelers. New York Life made payment on part of the claim ($12,900.85), but denied payment on the bulk of the claim (claiming the treatment was not given by authorized providers). Travelers denied coverage altogether. Both New York Life and Travelers continued to deny coverage throughout the administrative appeals process, claiming the treatment Plaintiff received was not provided for under the policy. Meditrust Financial Services

Corporation ("Meditrust") is now the successor in interest to New Medico and holds New Medico's account receivable for Plaintiff's treatment.

On December 21, 1995, Plaintiff, through his guardian, Barbara Griego Kepsel, filed suit against New York Life and Travelers in the United States District Court for the Southern District of New York alleging a claim under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., seeking to recover benefits under the two insurance policies. In April 1996, Plaintiff, again through his guardian, filed this lawsuit alleging the identical cause of action. On July 9, 1997, United States District Judge Louis L. Stanton dismissed Plaintiff's New York suit, finding that the case or controversy requirement had not been met because Plaintiff had not shown that it was likely he or his parents would be billed for the treatment. On September 17, 1997, Mr. James Jones and Ms. Barbara Griego Kepsel received a demand for payment from Meditrust.

## III.   Analysis

Defendants move the Court to grant summary judgment based on res judicata.[1] Defendants argue Judge Stanton's ruling in the New York suit bars Plaintiff's claim in this case because Judge Stanton's ruling was a final judgment, on the merits, involving the same parties and same claims as presented in this case. Defendant New York Life further contends that even if res judicata does not apply, Plaintiff has suffered no loss and incurred no expense as a result of the New Medico treatment.

---

[1] Defendant Travelers' argument that summary judgment should be granted for Plaintiff's failure to respond in a timely manner to their summary judgment motion is denied. I find that Plaintiff's inadvertent delay was excusable neglect; the delay was minimal and there was no prejudice to Travelers. Plaintiff is admonished to be timely in all future responses and filings.

Defendants are correct in asserting that a prior judgment must satisfy four prerequisites for res judicata to apply.  The prior judgment must have been:  (1) a final judgment; (2) on the merits; (3) involving the same parties; and, (4) based on the same cause of action.  See  Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir.1997); Clark v. Haas Group, Inc., 953 F.2d 1235, 1237-38 (10th Cir. 1992).  In this case, res judicata does not apply because Judge Stanton's ruling was based on the absence of a live case or controversy; the ruling was not "on the merits."  See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5 (1979).  In this regard, Judge Stanton's decision is analogous to those cases involving dismissal before an adjudication of the merits; cases where res judicata does not apply, such as dismissals based on venue, jurisdiction, mootness, lack of justiciability, and failure to join a necessary party.  See 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4435-36 (1981); Trujullo v. Colorado, 649 F.2d 823, 825 (10th Cir. 1981) (citing Fed. R. Civ. P. 41(b) and not applying res judicata in a failure to join a necessary party case); Stewart Sec. Corp. v. Guaranty Trust Co., 597 F.2d 240, 241-42 (10th Cir. 1979) (explaining how previous jurisdictional dismissal is res judicata for subsequent jurisdictional determination only); McCarney v. Ford Motor Co., 657 F.2d 230, 233 (8th Cir. 1981) (dismissals based on justiciability, standing, advisory opinion, mootness and ripeness are quasi-jurisdictional in nature and do not preclude a second action on the same claim, if the jurisdictional problem can be overcome.); Bredberg v. Long, 778 F.2d 1285, 1289 (8th Cir. 1985) (dismissal based on venue does not preclude second claim).  But cf. Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128 (10th Cir. 1991) (statute of limitations dismissal acts as a bar).

Judge Stanton dismissed his case because Plaintiff had not shown there was a likelihood New Medico would bill him or his parents for the treatment.  Judge Stanton, citing Aetna Life

Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937), found the case or controversy requirement prevented him from issuing a declaration or injunction regarding Plaintiff's entitlement to benefits because the actual entitlement might never have come to pass. At that juncture, no demand of payment had been made on Plaintiff or Plaintiff's parents. At this point, the tables have turned and Plaintiff's parents have been billed for the treatment by Meditrust, the holder of New Medico's account receivable.

The Court now moves to Defendant New York Life's argument that Plaintiff has suffered no loss and incurred no expense. This argument is analogous to a real party in interest objection. The Court notes that even though Plaintiff may not be the real party in interest, Federal Rule of Civil Procedure 17(a) sets forth a liberal method of dealing with this sort of situation. The final sentence of Rule 17(a) states:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

This part of Rule 17(a) is "designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought."  6A Charles A. Wright, et al., Federal Practice and Procedure § 1555 (2d ed.1990). Since injustice would result if Plaintiff were not allowed to amend his complaint, I will give him 30 days to amend with the proper parties. Defendants should file any motions to dismiss with their answers to the amended complaint.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motions for Summary Judgment are **denied** and Plaintiff's Motion for Extension of Time is **granted**.

IT IS FURTHER ORDERED that Plaintiff shall file his amended complaint, naming the proper parties, within 30 days. Defendants are to file any motions to dismiss with their answers to the amended complaint.

DATED this 27th day of March, 1998.

**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Daymon B. Ely |
| | Law Office of Daymon B. Ely |
| | Albuquerque, New Mexico |
| | |
| | Brian S. King |
| | King & Isaacson |
| | Salt Lake City, Utah |
| | |
| Counsel for New York Life: | Eric Burris |
| | Keleher & McLeod, P.A. |
| | Albuquerque, New Mexico |
| | |
| | Charles C. Platt |
| | Leboeuf, Lamb, Greene & Macrae, L.L.P. |
| | New York, New York |
| | |
| Counsel for Travelers: | Paul Maestas |
| | Silva, Rieder & Maestas, P.C. |
| | Albuquerque, New Mexico |